IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-20-FL

| | |
|---|---|
| GEORGIA A. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND MEMORANDUM & RECOMMENDATION** |
| ) | |
| J.B. MONETTE, SHERIFF NEIL ELKS, CRAIG F. GOESS, INC. d/b/a GREENVILLE TOYOTA, CRAIG F. GOESS, SR., CRAIG F. GOESS, JR., THE STATE OF NORTH CAROLINA, PITT COUNTY, KIMBERLY ROBB, District Attorney for the 3A Judicial District, JAMES SAUNDERS, Assistant District Attorney, PITT COUNTY SUPERIOR COURT JUDGES, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the application [DE #1] by plaintiff Georgia A. Green ("Plaintiff") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Louise W. Flanagan, United States District Judge. For the reasons stated below, Plaintiff's application to proceed in forma pauperis is allowed, and it is recommended that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Plaintiff's application to proceed *in forma pauperis* is, therefore, ALLOWED.

## BACKGROUND

Plaintiff's complaint spans over 350 pages and contains myriad facts and allegations, the chronology and reasoning of which are often hard to follow. Plaintiff names the following as defendants: (1) the State of North Carolina; (2) Pitt County; (3) Detective J.B. Monette with the Pitt County Sheriff's Office ("Detective Monette"); (4) Pitt County Sheriff Neil Elks ("Sheriff Elks"); (5) Kimberly Robb, District Attorney for the 3A Judicial District ("DA Robb"); (6) Assistant District Attorney James Saunders ("ADA Saunders"); (7) the Pitt County Superior Court Judges; (8) Craig F. Goess, Inc., d/b/a Greenville Toyota ("Greenville Toyota"); (9) Craig F. Goess, Sr.; and (10) Craig F. Goess, Jr.

All facts and circumstances outlined in the complaint stem from Plaintiff's attempt to purchase a car from Greenville Toyota. She reports she ran into numerous problems amounting to fraud and violations of truth in lending laws on

2

the part of Greenville Toyota and Craig F. Goess, Jr. Plaintiff claims that in late February 2013 she purchased a Toyota Camry from Greenville Toyota. Plaintiff, whose vision is significantly impaired, alleges that upon signing the sales contract she was not given a contract she could read, and the salesman did not read the contract to her. Plaintiff further asserts that she was told she would receive copies of all signed documents by email, but she never received such documents. Plaintiff maintains that the salesperson informed her that she had been approved for a car loan on the day of sale, and the dealership did not contact her until forty days later requesting more paperwork.

Notwithstanding her allegations, Plaintiff has included documents within her complaint evidencing the dealership's attempts to contact her several times within the month subsequent to the purchase of the car. These documents indicate that Plaintiff provided pay stubs to the dealership in which she had blacked out her bank account number. Because the account number was illegible, the loaning institution refused to provide the loan. When contacted, Plaintiff refused to provide the requested information.

After the loan was denied and Plaintiff refused to allow repossession of the car,[1] the dealership took out a warrant against Plaintiff for obtaining property by false pretenses and possession of stolen property. On April 19, 2013, Plaintiff was arrested in Wake County and subsequently transferred to the Pitt County

---

[1] From the documents Plaintiff included with the complaint, it is evident that Greenville Toyota attempted repossession of the car, but Plaintiff got into the car and drove away to avoid repossession. (Complaint [DE #1-13] at 3.)

3

Detention Center. Plaintiff claims that while in custody she was not given the correct medications for her failing kidneys, and she twisted her ankle upon transfer but was not given medical care.[2] Further, Plaintiff was enrolled in school, and she claims she missed her exams because she was not allowed to communicate with anyone outside the jail.

Two days prior to her arrest, Plaintiff filed a Chapter 13 bankruptcy petition. Plaintiff claims that the actions taken against her by Defendants were in violation of the automatic bankruptcy stay. On April 18, 2014, the bankruptcy court dismissed Plaintiff's bankruptcy petition and barred Plaintiff from bringing another bankruptcy case in any jurisdiction for one year. The bankruptcy court further sanctioned Plaintiff for acting in bad faith and for abuse of judicial process. *In re Georgia Arnette Green*, No. 13-02513-8-RDD, 2014 WL 985467, at *3-4 (Bankr. E.D.N.C. Mar. 13, 2014). Among the issues addressed by the bankruptcy court was Plaintiff's motion, based upon the same facts alleged in this case, seeking sanctions against the State of North Carolina, DA Robb, ADA Saunders, Sheriff Elks, Detective Monette and Greenville Toyota for violating the automatic stay.[3] The bankruptcy court dismissed the motion as frivolous, stating that Plaintiff's motion had "no legitimate factual or legal support and [is] not based on a good faith argument for the extension or reversal of existing law." *Id.* at *3.

---

[2] Plaintiff does not bring a cause of action under 42 U.S.C. § 1983.

[3] Plaintiff also filed a "Motion for Creditor Misconduct" against Greenville Toyota.

On February 6, 2014, Plaintiff filed this action alleging injuries resulting from Defendants' actions and requesting relief in the form of sanctions, a temporary restraining order, and a preliminary and permanent injunction enjoining the State of North Carolina and Pitt County from prosecuting Plaintiff. Plaintiff explicitly states she is not requesting monetary damages.

## DISCUSSION

### I. Plaintiff's Claims

Throughout her complaint, Plaintiff asserts numerous claims against Defendants. Although not entirely clear, it appears as though Plaintiff is purporting to assert claims against all defendants for violation of the automatic bankruptcy stay, as well for violation of her civil rights under 42 U.S.C. § 1981. Additionally, Plaintiff purports to assert claims against the State of North Carolina for (1) malicious prosecution and abuse of process; (2) violation of 42 U.S.C. § 12182; and (3) violation of North Carolina General Statute § 168-1. As against Pitt County and Sheriff Elks, Plaintiff also asserts claims for malicious prosecution and abuse of process. She further alleges that Greenville Toyota has: (1) committed fraud; (2) committed unfair and deceptive trade practices; (3) violated 42 U.S.C. § 12182; (4) violated North Carolina General Statute § 168-1; (5) violated the Truth in Lending Act; and (6) engaged in malicious prosecution. Lastly, Plaintiff asserts Craig F. Goess, Jr. violated the Truth in Lending Act.

## II. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to

contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged specific facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

### III. Removal

Plaintiff requests removal pursuant to 28 U.S.C. §§ 1441, 1442, 1443, and 1446. The only state case to which Plaintiff refers is a criminal case brought against her in Pitt County.[4] The undersigned assumes is the case for which Plaintiff is filing for removal. Removal of a criminal case brought in state court is allowed under limited circumstances. *See* 28 U.S.C. §§ 1442, 1442a, 1443. Section 1442 applies to prosecutions against federal officers or agents; Section 1442a applies to members of the armed forces; and Section 1443 applies to prosecutions involving laws which provide for equal civil rights. *Id.*

Here, Sections 1442 and 1442a are inapplicable because Plaintiff has not alleged that she is a federal officer or agent or a member of the armed forces. Further, Section 1443 is inapplicable because, although plaintiff appears to be attempting to assert civil rights issues in her notice of removal, her state court criminal prosecution is for counts of obtaining property by false pretenses and possession of stolen property. *See City of Greenwood, Miss. v. Peacock*, 384 U.S.

---

[4] Plaintiff included the arrest warrant in the documents filed with her complaint. (Complaint [DE #1-16], at 2.)

808, 827-28 (1966) (explaining the inapplicability of § 1443 where state charges are brought and there is no showing that defendant's civil rights "will inevitably be denied by the very act of bringing the defendant to trial in the state court"). As the Supreme Court explained in *Peacock*:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the court" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute . . . does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situation where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of brining the defendant to trial in the state court.

*Peacock*, 384 U.S. at 828. While Plaintiff appears to claim that Defendants are discriminating against her on the basis of her race by pursuing criminal charges against her, she has not demonstrated the existence of a state or federal law, the operation of which will inevitably deprive her of equal rights under federal law.

Plaintiff also asserts she is filing to remove under 28 U.S.C. § 1441; however, this section only pertains to the removal of civil cases from state court. Thus, Plaintiff cannot file for removal of her criminal case under this statute.

Because Plaintiff's attempted removal of a state court action does not meet the requirements under 28 U.S.C. §§ 1441-1443, the court does not have jurisdiction

over the state court proceedings, and the proceedings should, therefore, be remanded to the North Carolina General Court of Justice, Pitt County, for further proceedings.

## IV. Violation of Automatic Stay

Plaintiff appears to claim that Defendants violated the automatic stay instituted pursuant to 11 U.S.C. § 362 as a result of the criminal proceedings brought against her. However, the bankruptcy court previously ruled against Plaintiff on her allegations that defendants State of North Carolina, DA Robb, ADA Saunders, Sheriff Elks, Detective Monette and Greenville Toyota[5] violated the automatic stay, finding that the motion was frivolous and had no basis in fact or law. *In re Georgia Arnette Green*, No. 13-02513-8-RDD, 2014 WL 985467, at *3-4. Plaintiff's claims that these defendants violated the automatic stay are, therefore, barred by principles of collateral estoppel. *See United States v. Mendoza*, 464 U.S. 154, 158 (1984) ("[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conslusive in a subsequent suit based on a different cause of action involving a party to a prior litigation."). Although the bankruptcy court's decision does not operate to collaterally estop Plaintiff from bringing such claims against defendants Pitt County, Pitt County Superior Court Judges, Craig Goess, Sr., and Craig Goess, Jr., the rationale of the bankruptcy court's decision applies with equal force to these defendants. Simply stated, a voluntary bankruptcy

---

[5] Defendants Pitt County, Pitt County Superior Court Judges, Craig Goess, Sr., and Craig Goess, Jr., were not included in Plaintiff's motion for sanctions filed with the bankruptcy court.

petition does not operate as a stay "of the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b). Accordingly, Plaintiff's claims for violation of the automatic stay should be dismissed as frivolous.

V.     42 U.S.C. § 1981

Additionally, Plaintiff appears to allege that all defendants violated her rights under 42 U.S.C. § 1981. Section 1981 forbids racial discrimination in the making and enforcement of contracts. Plaintiff establishes that she is an African-American woman, but she does not explain how her ability to make and enforce contracts was impaired by discrimination on the part of any of the defendants. When making this allegation of discrimination, Plaintiff does not include any facts to suggest that Defendants discriminated against her based on race. While Plaintiff includes numerous cases demonstrating racial bias in the formation of contracts, she only provides conclusory allegations within her own case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, Plaintiff's § 1981 claim should be dismissed for failure to state a claim upon which relief can be granted.

VI.    Title III of ADA

Plaintiff further contends that the State of North Carolina and Greenville Toyota discriminated against her based on disability in violation of 42 U.S.C. §§ 12101, 12181, and 12182. Sections 12101 and 12181 provide the congressional

purpose and findings, as well as definitions, applicable to Title III of the Americans with Disabilities Act ("ADA"). Section 12182, a part of Title III of the ADA, provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. Title III applies to private entities that own, lease or operate places of public accommodations. 42 U.S.C. § 12182; *Amir v. St. Louis Univ.,* 184 F.3d 1017, 1027 (8th Cir. 1999).

The State of North Carolina is not a private entity subject to liability under Title III. As such, Plaintiff's § 12182 claim against the State should be dismissed as frivolous.

Plaintiff's remaining § 12182 claim is against Greenville Toyota. Generally, a "sales or rental establishment" is considered a public accommodation if "the operations . . . affect commerce." 42 U.S.C. § 12181(7). However, Plaintiff has not plausibly alleged that Greenville Toyota denied her accommodations "on the basis" of her disability. Plaintiff merely states she requires special software to read text on a computer, and when signing the sales contract with Greenville Toyota, the salesperson knew she was visually impaired and did not read the contract to her. Greenville Toyota and Plaintiff entered into a contract for the sale of a Toyota Camry, and while Plaintiff seems to be claiming that Greenville Toyota defrauded her, this bare allegation of fraud is not enough to support a claim of disability

discrimination under Title III. Plaintiff's claim under 42 U.S.C. § 12182 should therefore be dismissed.

## VII. Truth in Lending Act

Plaintiff also asserts a claim under the Truth in Lending Act ("TILA") against Greenville Toyota and Craig F. Goess, Jr. TILA "assures a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). Creditors are required to make specific disclosures before extending credit to consumers. 15 U.S.C. § 1638(a)-(b). Plaintiff seems to argue that Greenville Toyota and Craig F. Goess, Jr. did not make the required disclosures under TILA. However, these are merely conclusory statements for which Plaintiff does not provide factual support. While Plaintiff does say she never received the copy of the agreement by email as promised and that she clearly stated the terms she wanted in the loan contract before signing the agreement, the complaint does not allege that any terms were not disclosed. Plaintiff cannot rely on conclusory allegations, and this claim should be dismissed.

## VIII. Remaining State Claims

Plaintiff's remaining claims are for (1) fraud, (2) unfair and deceptive trade practices, (3) violations of North Carolina General Statute § 168-1,[6] (4) malicious

---

[6] N.C. Gen. Stat. § 168-1 provides that "[t]he State shall encourage and enable persons with disabilities to participate fully in the social and economic life of the State and to engage in remunerative employment. For purposes of this Article, the term 'person with a disability' shall have the same meaning as set forth in G.S.

prosecution, and (5) abuse of process. All of these claims arise under state law.[7] As Plaintiff's federal claims fail, there is no federal claim to which the state claims may attach. Accordingly, the undersigned recommends declining jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367 (providing that a district court may decline to exercise jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction").

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED. It is RECOMMENDED that Plaintiff's federal claims be DISMISSED, that the court DECLINE to exercise supplemental jurisdiction over the remaining state-law claims, and that the court REMAND Plaintiff's criminal case to the North Carolina General Court of Justice, Pitt County, for further proceedings.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file

---

168A-3(7a)." The undersigned offers no opinion whether a remedy exists for violation of § 168-1.

[7] Plaintiff does not assert a claim under 42 U.S.C. § 1983 based on malicious prosecution. Had she done so, the claim would nevertheless be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because the criminal proceedings have not been terminated in her favor. *See Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009) ("[T]here is no such thing as a '§ 1983 malicious prosecution' claim. What we [previously] termed a 'malicious prosecution' claim . . . is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution – specifically, the requirement that the prior proceeding terminate favorably to the plaintiff.").

written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 1st day of July 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge